The Honorable, the judges of the United States Court of Appeals for the Fourth Circuit. Good afternoon. We're happy to your argument to see both of you friendly faces over again. Mr. Kamen, I think the floor is yours. Please, the court. Jeremy Kamens on behalf of Mr. Cordarrell Johnson. The double jeopardy clause of the Fifth Amendment protects criminal defendants from being prosecuted twice for the same offense. The clause applies when there's been a resolution on the merits of a charged offense. As the Supreme Court stated in Evans v. Michigan, a merits related ruling concludes proceedings absolutely. And the primary purpose of the double jeopardy clause is to protect the integrity of such a final judgment. In this case, the district court vacated Mr. Johnson's 924C convictions, not his guilty plea, because the admitted elements are legally insufficient to sustain a conviction. As it said in its order at page 172 of the Joint Appendix, on the merits, Johnson has established that as set forth in the plea agreement, his convictions for using, carrying, and brandishing a firearm in furtherance of a robbery charged from count one. Under Sims, conspiracy to commit robbery is not a viable crime of violence for conviction under section 924C. That order constitutes a final judgment on the merits, and the government did not appeal. This case is thus no different from the Supreme Court's decision in Evans, where the trial court directed a verdict on the ground that the state's upon its erroneous addition of an element of the offense. Well, counsel, it seemed to me that United States v. Ford might be a little closer to this case, so maybe you want to talk about it. Ford is a case which stands for the proposition that if a post-conviction change in the law changes the legal standard of an element, double jeopardy concerns do not preclude the government from retrying the defendant as to the same elements of the offense of conviction. So in Ford, the defendant was originally convicted of 922G, being a felon in possession of a firearm. After this court's decision in Simmons, the government wasn't precluded from retrying the defendant for being a felon in possession of a firearm. You think the result would have been different if it had been on a different count? A different count or a different status? So in 922... No, no, no. I'm just asking the question about a different count, because that's the distinction you made here. You said that the government was allowed to retry him on the same count with a different predicate. What I'm asking you is if it had been on a different... Do you think that the results in Ford would have been different if the government had to retry him on a different count? Double jeopardy would not have applied if it was to... If the government sought to recharge or retry him on a different count. Well, then how does that keep any difference in this? Because in Ford, they were trying him on the same elements in the original charge. So my example in 922G is there are nine prohibited statuses under 922G. Someone who is an illegal alien can't possess a weapon, or somebody has been convicted in a mental institution, or someone who's a drug user. If in Ford, the post-conviction rule said that the defendant was no longer a felon under any circumstances, and then the government sought to prove that he was a felon because he was an illegal drug user, that would be our case. Because in this case, the government is seeking to substitute an element from the original charge, the predicate offense. No, that's quite right, because you set out a predicate that's a little different than what happened here. You said that the government said that he couldn't be charged. I thought you said in your hypothetical that if the court had said you couldn't be charged in any event, you couldn't be convicted for any of this crime, and then you substitute something. Maybe you better give it to me again so that I really understand what you're saying. So what I mean is that Ford involves a law which altered the definition of an element of the offense. It didn't foreclose the possibility of being convicted on 922g at all for being a felon in possession of a firearm. It said, we are changing the definition. There's this post-conviction rule, you know, in Simmons, the North Carolina law. I know it well. Okay. But it didn't foreclose the ability of the government to actually prove that the defendant possessed a firearm with the prohibited status as a felon. In fact, that Mr. Ford had other felony convictions. And so in our case, it's different. There is absolutely no way, based on the elements as admitted and provided in the plea agreement, that Mr. Johnson could be convicted of a 924c offense because the the allegation in this case, the ones that were admitted to and specified in the plea agreement, specified a predicate of conspiracy to commit Hobbs Act robbery. There is no way for the government to introduce new evidence to establish that the defendant was actually guilty of 924c based on that predicate. The only thing that the government could do is substitute that predicate for a different predicate. And that is analogous in the 922g context for substituting one prohibited status for another. And we know the government can't do that. We know they can't do that because of this court's decision in the United States versus Dunford. In that case, the defendant fell into two of the categories. He was a convicted felon and he was also convicted of being an unlawful drug user. And this court held that a person who was disqualified because of membership in multiple classes does not thereby commit separate and multiple offenses. So my point is that if the government were to have prosecuted Mr. Dunford in that case for being a felon in possession of a firearm, and then they either got an acquittal or a conviction, the government could not then subsequently come back and prosecute him for being a legal user of drugs. Isn't a weak point in your argument is that there was no acquittal here? There was a determination by the district court on the merits that the defendant, Mr. Johnson, could not be found guilty of 924c. Because of a change in the law. That's true. That is absolutely true. But the distinction is not simply... You didn't answer Judge Block's question yet. There was no acquittal. I think there has been. And it comes down to this distinction that's made clear in Evans versus Michigan. An acquittal means a ruling on the merits, a ruling that resolves culpability, guilt or innocence based on the charge that the defendant was convicted of. Well, the substantive offense under the Hobbs Act is different than the conspiracy offense. Absolutely. And in this case, the defendant was convicted of a predicate offense of conspiracy, not a substantive offense as the predicate. And so if you're looking at whether there has been an acquittal of the 924c in this case, the district... He was convicted of the 924c. He was convicted of the 924c. The conspiracy offense was used to show the crime of violence. That's correct. It turns out it wasn't a crime of violence. But the substantive offense is a crime of violence. All of that is true. The difference... And why doesn't Section 3296 of Title 18 take care of this? 3296 relates to charges that were dismissed pursuant to a plea agreement if the plea is vacated on motion of the defendant. So Counts 7 and 9 were not dismissed. They were subject to a plea of guilty. The other counts that were in the original agreement, the plea agreement itself did not require their dismissal. And lastly, 3296 doesn't apply because Mr. Johnson didn't seek to vacate his guilty plea. What he sought was what the district court found, and that is that on the merits, his 924c convictions were invalid. And Evan... Can I just ask you one question? You keep going to on the merits, bless your heart. But I thought acquittals were dispositions as to guilt or innocence. They are. There hasn't been any disposition as to guilt or innocence. It has to refer to the offense of conviction. And so the offense of conviction here is 924c based on the predicate offense of conspiracy to commit object robbery, which is an element, according to this court's opinion and Randall... Not, but there's not been a determination by anybody that he was guilty or innocent of this conduct. The only determination is that this conduct is no longer a crime, right? So, Judge Motz, the district court doesn't have to use those words. So in Evans versus Michigan, the district court didn't say there has been an acquittal. It didn't say that. It just said that the government hadn't produced evidence as to an element of the offense. And that is essentially what has happened here, that the admitted... Do you argue that your client is innocent? Of the 924c offense of conviction as specified in the plea agreement? Absolutely. He is innocent. He cannot be found guilty because it is not a federal crime. The element or the factual elements of the predicate offense as admitted in the plea agreement do not support the element of being a crime of violence. So you're essentially saying he pled guilty to something that's not a crime? That's correct. Absolutely. So if it's not a crime, there's nothing to acquit him of? Well, I think that the distinction the court is making is that if the district court makes a determination that there's as a matter of law, that that's not an acquittal. And in Evans versus Michigan, that's what the lower court said. Here, the lower court said, this is a question of law. The district court made an error and added an extra element. That's not an acquittal. And the what the district court did is made a determination as to culpability as to the offense of conviction. And that's exactly what the district court did in this case. As defined by what was in the plea agreement, the offenses of conviction and the elements of those offenses include a specified predicate of conspiracy to commit object robbery. And that is not sufficient to satisfy the element of the offense of use or brandishing a firearm during a crime of violence. So you can characterize it as a matter of law. You can characterize it as the admitted elements not supporting the element of 924 C crime of violence. However, you want to characterize it. It is a determination that on the merits with respect to the culpability of those offenses. Mr. Johnson cannot be found guilty. And so then the subsidy for Hobbs Act offense is a crime of violence. Absolutely. And he was not found. Right. I'm sorry, Judge King. Go ahead. I didn't mean to interrupt you. I was waiting for you. I'm sorry. Go ahead. So substantive Hobbs Act robbery is a crime of violence. That is not the offense as specified in the plea agreement to which Mr. Johnson pled guilty. He pled guilty to 924 C based solely on conspiracy predicate. And however, that is characterized, the district court ruled which the government characterized as a scrivener's error. And I think that is an inaccurate characterization because we know that the courts cannot simply switch or pull in and out different predicates. We know that when the government charges an offense and specifies a predicate or when a defendant pleads guilty to offense with a specified predicate, that isn't a critical element of the offense. If the government were to come into a trial and present its evidence of conspiracy to commit Hobbs Act robbery, and the district court were to give it to a jury and then say, No, I can't even give it to a jury because it doesn't support the element of crime of violence. It would be the same thing. It is a directed verdict. There is a distinction, and I think it is that this is as if a district court engaged in a post conviction judgment of acquittal, something that is subject to appeal, but it is still based on sufficiency, the sufficiency of the allegation as to the predicate. And once that decision becomes final, either because the government doesn't appeal or because this court affirms a district court's judgment of acquittal that is post verdict by a jury, then that is subject to the bar of double jeopardy. And the government can't get the indictment. The indictment had the the substantive offense in it. It did. And for whatever reason, in drafting the plea agreement, the government omitted the substantive offense. That's right. That didn't change the indictment. It's guilty tonight. He did not. He pled guilty to what is specified in the plea agreement. And it was certainly the government's prerogative to narrow the allegations in the indictments the same way as if they had charged a 922 G offense against someone saying that they're prohibited because they were an illegal drug user and a felon. And then in the plea agreement, they drop one of those prohibited statuses. This is exactly that same context. And there's also a Supreme Court case, Sanabria, which is also very analogous in which the government brought an indictment for a legal gambling operation. There were two liability horse betting and numbers betting. The numbers betting was dismissed because of an evidentiary issue. A defendant was convicted because he wasn't involved in horse betting, and the government sought to bring back the charge, the illegal gambling operation based on the numbers theory. And the court said, No, this is a single offense. And once the defendant was found not guilty of the gambling operation based on the original theory, the government can come back with another theory of liability. So that's materially different, and I understand where you're going with this here. But really what we're struggling with, what we're dealing with here is the issue of an acquittal versus a procedural dismissal. An acquittal occurs when the evidence is insufficient or some other indications indicate that you cannot get criminal liability, even though it's a crime. They didn't present evidence to support the crime, therefore, acquittal. That's not what you have here. What you have in the first instance, there's nothing they can produce to support this because it's not a crime at all. And so it fits the procedural dismissal definition to the extent that you have a ruling here that doesn't deal with culpability at all. It deals with the question of, is this in fact a crime? In other words, does it meet a legal standard here? And the answer is no. So it looks like to me, when you look at Ford and you look at cases like Green and others that are here, Teo seems to support it. I think if you look at it in a holistic way, it seems like it doesn't look right that you're being punished because you went through all this, you won this case, and boom, within an hour, they come back with this. And you say, wait a minute, how do you do this? We won. And then you, no, you didn't, you didn't win. In fact, you may end up worse than what you were in the whole process. But from a legal perspective, we are hamstrung on this position that there's nothing legally insufficient to support this because there's nothing to support. It's not a crime. My time is over. May I respond? Yes. Judge Nguyen, there is no difference between a district court's ruling that the government hasn't presented evidence of a crime, defendant didn't admit to the elements of a crime, and the evidence the government did present was insufficient. The cases that you just mentioned, to Teo and Green, are about procedural fairness. The way that an element was described in a plea or in Teo, the defendant was unfairly coerced into giving a plea that wasn't voluntary. Those are about the fairness of the proceedings that led to conviction. They are not about the viability of a conviction itself. When you get to the viability of a conviction based on the sufficiency of the evidence or whether it is a crime at all, there is a clear distinction between that and conspiracy predicates. He has essentially been found not guilty of that offense. All right. I think we understand your argument. We'll let the government tell us what they think and then you have some time for rebuttal. May it please the court. Always a pleasure to see you. Thank you. It's always a pleasure to see your honor. Okay. A guilty plea to an offense does not produce an acquittal, and this defendant pleaded guilty, that conviction became final. He then brought a post-conviction challenge that successfully argued that a 924c predicated on conspiracy is not an offense. But that's not a determination of factual insufficiency. You don't say that when somebody did not commit an offense because there is no crime there, that that was an acquittal. That's just he's able to successfully vacate his guilty plea. And then we're left with the question of, does the government have a valid charge that they can pursue? And this court's opinion in Green, I think is squarely on point and decides this issue. And the defendant's argument essentially boils down to saying Green and the similar case in the trial context forward or abrogated by Evans, which I'll get to in a moment. But in Green, you had a 924c that was premised on pre-Bailey the idea that the defendant used the firearm. In light of Bailey, we know that use requires active employment. That didn't happen in the case. And so the defendant was able to get his guilty plea vacated because you couldn't base a conviction on having the gun available for use and say that that was use in light of Bailey. But the government could rely on the very same indictment or very same language in the indictment that was a re-indictment that the carry prong was satisfied and there was no double jeopardy bar. And essentially the same thing is going on here. Well, the problem is, though, and I kept wondering why this didn't happen, but I finally figured it out. They didn't rely on the same count here. You went to another whole count, correct? Whereas they did in Green. I'm not sure I follow. It's exactly the same indictment. The same indictment, too. Yes, yes, yes, yes. There were counts in indictments, right? Right. There were. So in this case, there's count one, the conspiracy count. Then there's two substantive Hobbs Act counts and two 924C counts via 18. Once the defendant backed out of his guilty plea and the judge vacated the guilty plea, we moved to reinstate all the charges. And at that point, we then brought back the 924Cs. There's two predicates in each of the 924Cs. We are obviously not relying on the conspiracy anymore. So it's just the substantive Hobbs Act robbery. And that's what we're pursuing in the case. And so it's similar to Green. And so far as Green, the government originally had a use and carry theory, and it jettisoned the use carry use theory and just went with carry. Essentially, the same thing is happening here, except rather than getting rid of a bad use theory, we're getting rid of a bad conspiracy predicate. Help me with Green. Were use and carry the same count? Yes. It used to be that way. Right, right. So Green dealt with pre-possession with intent possession and furtherance. So it was use and carry. And I don't think anyone has thought that use and carry create distinct crimes. And so it was a single charge properly there. And on the defendant's theory in this case, the use is the unit of prosecution or possessed here. And the predicate doesn't define the unit of prosecution. And so it's exactly the same as in Green. But this unit of prosecution point, I think, is ultimately irrelevant because take a case like Robinson. Robinson was a case where the defendant challenged his 924C after the Supreme Court decided Watson and Watson concluded that if you hand over drugs and get a gun, you haven't used a gun. And so in Robinson, they said, in light of Watson, you can't government rely on that theory. Robinson then said, well, maybe the distinction between possess and furtherance and use and carry during a relation is two different crimes. And so maybe that charge had two crimes. That count had two separate crimes charged in it. But it doesn't matter because the result is the same either way. You can rely on in Robinson in the trial context, the still valid theory that the defendant possessed and furtherance. Likewise, here, we can rely on the substantive Hobbs Act robbery. Of course, the defendant can't be convicted on a conspiracy. And indeed, taking the conspiracy predicate out of this case eliminates any question about the unit of prosecution because now we have two distinct Hobbs Act robberies, two distinct uses. There's the M&T bank robbery and there's the Holiday Inn Express robbery. Under every theory of 924C, those are two valid 924Cs. So no duplicity problem. And it's a valid prosecution at this point. And simply vacating the non-crime of a 924C based on conspiracy has no double jeopardy implications that bars. Mr. Cook, I understand you're saying, have you re-indicted him? No, so it's the way... So what do you do with the conspiracy language in count seven and count nine? Um, so that just would be struck from the indictment, just like... Has that been done? Um, well, as soon as we reinstated the charges... Has it been done? No, but that's something that can be, that will be done, of course, as the case moves forward. Right. The government would move to strike certain words from the indictment, which would be the conspiracy to violate the Hobbs Act and would leave in the substantive Hobbs Act robbery. Right. And go forward... And go forward, you're saying, with count seven and nine and three other counts, I believe. There'd be five counts against him? Exactly. Okay. There's not going to be a superseding indictment again. No. Okay. But there'd be an amended or corrected count seven and count nine. Right. It would be striking, basically, functionless language. Striking the language that's the culprit here. Right. Could you have done this in the first instance? In other words, just include the substantive and the conspiracy at the same time? I think I'm not quite following the... In other words, could you have done what you're doing now in the first instance? Could you have charged substantive and not conspiracy? Yes, absolutely. And why... Could you put both in there? And the alternative? Right. And both have... I mean, it's common for 924C indictments to have... But then you'd have another problem, which is the alternative predicate problem. If you put them both in there and go to trial, and one of them is a lesser offense than the other. Here, they weren't a lesser offense at the time you brought the indictment. They were the same offense. They were equal offenses. Right. I mean, it's... And since then, with this Sims case and the Supreme Court case, the conspiracy offense is not a crime of violence anymore. But the substantive Hobbs Act of robbery offense is a crime of violence. Right. So you wouldn't put that language in an indictment now on 924C because it's not a crime of violence. I mean, I think it's helpful to think about... You have to fix... Yeah, I think it's helpful... But their point is, they say that it violates the double jeopardy clause for you to do this. What about that statute that I asked Mr. Kamens about? Whatever it's called, 8296. 3296, your honor? Yes, that's what I'm talking about. 3296. Essentially... He says it doesn't apply because his client didn't move the vacay. First of all, I would stress, your honor, that this is an interlocutory double jeopardy appeal under ABNY. And so questions about the operation of 3296, I think, are not really presented in this appeal. But what 3296, it was properly used. We moved to reinstate it after the district judge. Judge Hudson relied on it, didn't he? Yes, he did. And we do too. And we think that was entirely accurate. Well, that's what I thought. All right. Right. And so I would say this is very... It's functionally similar to... Imagine if this case, we had Davis before the defendant pleaded guilty. So the indictment was adjourned, then Davis came down and the government said, we have a problem. We have a conspiracy predicate in there. That's not valid. We would have then removed the conspiracy predicate from the indictment because there's two predicates and we don't have to have both in there. And the case would have proceeded and the defendant would have pleaded guilty, presumably, to the 924C with a substantive Hobbs Act robbery. The defendant's argument is because Davis came down after he pleaded guilty, now there's a double jeopardy bar. But that just doesn't make sense in the way that the law treats guilty pleas. Guilty pleas are not... The act of pleading guilty does not trigger an indictment. And so really what 3296 is doing and what the government is doing here is putting ourselves in the position that we would have been in if we'd had Davis come down before the defendant pleaded guilty and we would have sorted out this basically just a consequential procedural problem in the context of this case and move forward with the valid substantive Hobbs Act predicates. So you're presenting a pretty clear case and I want you to move me off of this kind of tangerine my mind is going to when I consider that when you made this indictment, you made a choice. You could have charged him under the substantive one or the conspiracy one. And just like when a defendant sometimes does not object or does not make an argument and then it goes up to the Supreme Court, if they don't see it's retroactive, you didn't make that argument, you don't get the benefit of it. I mean, there's a waiver. There seems to be something wrong here. If you make a plea agreement and you don't know, there's nothing to say that it's a crime of violence or not, but you know it has to be. And you chose to go forth with this plea agreement as the government. And now when you lose it, you now want the second bite of the apple and says, okay, we could have gone that way. Now we're going to go the other way because we get another shot at it. I mean, aside, I know that W Jeopardy is there, but there is something else in that scenario that is distasteful. There's something to say, because we're talking about going through the trial process and the government controls the charge and you choose, you could have done this. It's not like something new that came up or you could have done both. And it would have been an alternative. And then once it goes to the point of the court accepting it, make the choice of which one. And maybe you still could come back and say, well, we chose that. We'd come back. Since we brought it before it, in all fairness, he has notice of it. We can go back and get the other one. But this only arises because the defendant was successful in indicating it was not a crime about sometimes later, not because the government comes up with it. But I'm just curious about that in terms of the fairness of it, that you had this choice from the beginning that you could have put this there. There's nothing that would prevent you from doing it. I don't know why you chose the conspiracy as opposed to the other one. Seems like to me is right there in front of you, but you did. And now once you now told, no, you can't use that, we'll go back and do the other one. Right. So I think here's the point that I think may help your honor, I hope on this point, which is in the context of a plea agreement, there's risk assigned by both parties. The way the law works is that the defendant ordinarily in many situations would via the plea agreement have bargained away future changes in law. Now we make an exception for this type of claim. And so the defendant was, did not bear the risk that later on. This type of claim, let me tell you about this exception that I see with it. It's a subject matter jurisdiction claim because it's a crime. It's not a crime. That's the problem I got here. It's not, we make exceptions, but subject matter jurisdiction remains at all times. That's the way I view it, because it's one thing to say procedurally something happened here. You can't use this. You can't do that. But another thing says that's not a crime that he pled guilty to because of the choice that the government made to charge it in that way. And they go back to a situation that they could have used in the first instance, which all smells sort of wrong that you don't get to sit back and do something that later on blows up because the court says it goes the other way. And now you go back and redo it. So that's the, I got your point, but I don't buy the part about it, the risk part about it, because they don't create the crime. The defendant does not create the risk of the indictment. You do. You determine what the crime is. And then it goes from there. It doesn't go back to say it's a risk and so far whether or not they'll plead to a crime or not. They have to accept it's a crime. Right. Neither party could have foreseen or did foresee that the Supreme Court was going to validate 924C3B. The defendant's not being held to his failure to foresee that. But on their instances in which that happens with the defense, the defendant in a different context in which he did make an objection of something like that and couldn't have foreseen or did not make that objection before the Supreme Court. And had he done it, would have been a whole different ballgame, would have been included. And I know that's a waiver type thing, but it seems to be some kinship here to me that, yeah, you couldn't foresee it, but you got to live with it. If you are the one who made the charge, it's your duty to make the charge. And Supreme Court comes back and says, you didn't charge the charge. How do you then come back and say, well, I'm going to go charge something different? I mean, respectfully, the points you're making just have no grounding in the double jeopardy clause. I understand that. That's why I went somewhere different with it. Did you hear the word waiver come up? Did you hear the whole connection that you had? There's a constitutional fundamental due process right here that has not really been articulated. I agree with you. We could sit here and talk about double jeopardy. That's a legalistic argument. But beyond that is the constitution that requires due process of the law. And you don't get to just come in one day and says, I'm going to charge you with this. And then later on, it's not a charge. It can make sense. Well, I'm going to go with the other one. I mean, do you? I mean, that sounds fundamentally something wrong, but I agree with you. Well, at least I fully understand the double jeopardy thing if we walk that path fully. And I'm not saying we're going to otherwise. I'm just curious. That's all. Sure. I mean, the double jeopardy issue is the only one before the court. And we don't think that there is any other constitutional impediment to prosecuting. The defendant started out claiming you breached the plea agreement. Right. You're right. They have abandoned that. They have it under green. They only come up here pardon. Well, can I just say that I also find this a very I think the double jeopardy claim probably doesn't prevail. But the government does have all the cards here. You knew what the crimes were to begin with. Is there a reason why the government I thought you were on the way to explaining to us why you would just charge conspiracy? Maybe you can explain that to me. Sure. I mean, I'll give you the explanation. I want to preface it by I don't think that ultimately it has a bearing on how this case turns out. I understand what you're saying. Yeah. But how it how it happened, I mean, is that the first defendant to plead guilty, pleaded guilty with only a conspiracy predicate that defendant's plea agreement was used as a template. And so the language and the relevant provision referred to conspiracy. So that's that's the Scribner's error. Right. But the judge said, look, I'm not accepting that this was just an error. He still ruled our way. We think that's right. So I think that it really doesn't ultimately matter here. But the fact they make a Scribner's error in the factual statement doesn't change the terms of the grand jury. Right. There's there's a valid indictment that charges both predicates. The defendant came into court and admitted factually both predicates and the plea colloquy to the extent that it delved into predicates talked about two separate robberies, which would support the idea of there being distinct predicates here. But the key point is for purposes of procedurally where we are under the double jeopardy clause, the defendant pleaded guilty has succeeded in having his plea vacated. There remains a reinstated valid indictment that charges substantive Hobbs Act robbery. And the government at this point can proceed on those charges, which remain valid charges. And the defendant has essentially the parties have been restored to their original plea pre plea positions with the defendant having gotten the benefit of now government's got to prove a robbery from 2009 and, you know, 2021, which is not not an inconsiderable benefit to the. So the only reason that you put in the indictment only you remember at one point in your arguments and nobody could tell if the Supreme Court was going to do with respect to these conspiracy. Well, we predicted what the Supreme Court was going to do. There was a there was a lot of law around the country. You're an experienced fellow. You read that law. There was a lot of mutterings in the trenches. So it seemed to me that you'd be an extra online or interested in not putting yourself in a position where you'd have what happened here happen. I think in 2009, I'm trying to see where, but there's been, you know, what did I say? The last the last thing to fall. There were this series of cases about conspiracy convictions, right? Right. And in 2009, I think it was a possible argument whether somebody would have stood up in court and said it's likely that the Supreme Court is going to validate 924 C3B. I think the answer would have been no. Did you argue the same state? No. No, he's not from North Carolina. I couldn't remember what state he was from. But again, I just know he's here a lot. He's so much. He has a lot of. And what matters, though, is is we have two valid predicates charged in the indictment. The defendant is factually admitted both predicates. The government now wants to proceed on a narrowed theory, and the law permits that. And the fact of pleading guilty does not itself result in an acquittal. And when a court comes out and says that one theory of liability is not a valid theory of liability, that is not an acquittal. That is not a determination of factual innocence. That's just a determination that there is not a valid theory of liability and there remains the other valid theories here. So do you stand behind what Judge Hudson did? Yes. I mean, I'm not sure. Specifically, do you? Well, there were a lot of machinations back and forth around this. And so I'm asking you if that's if that's what you're positioning. Right. We we did challenge his decision to vacate the guilty plea in the first instance because of the factual admissions. But we haven't pursued that appeal. And so as the case comes to this court, it's a done deal now that that plea is vacated. You actually filed a notice of appeal at one point, didn't you? And then you backed off. We then dismissed it. Right. So you're you're you support Judge Hudson. Right. At this point, there's nothing that Judge Hudson has has done that we disagree with. OK. And you don't espouse an alternative theory that I haven't comprehended. I don't think so. I'm not sure. I mean, if your honor had a specific. I just want to know when we're considering this case, do we consider only what Judge Hudson's rationale is? Yes, I think that that's right. We agree with that in our brief tracks that I mean, and I would add, though, again, that Judge Hudson was adjudicating a series of claims that go well beyond double jeopardy and double jeopardy is the only thing before this court. So there isn't a need to delve into the contract based theories in this case from the plea agreement, like the immunity language, because as Greene held, the abne double jeopardy exception for an interlocutory appeal doesn't extend to those issues. So that's those are those are issues the defendant would have to raise on appeal after it's just do that another day. Right. Sometimes I don't understand why lawyers do that. If you think you have a good argument, why not get it resolved? Oh, I mean, I would say we don't have jurisdiction because. Right. That's that's the short of it. I mean, the last thing I want to do is see this case last even longer. But but we have to adhere to the procedural rules about what what there's jurisdiction to adjudicate and an appeal that is interlocutory. I mean, for purposes of how this case comes to this court, it is now, you know, a pre-conviction appeal. The defendant's awaiting trial. What is the difference in this sentence? The possible difference in the sentence? I mean, there's a lot. That'll depend on what the defendant's convicted of. I understand that. But if he's convicted of what you want to charge him with now, or what he's held that he has been charged with or whatever, however you want to characterize that. Right. I mean, we're satisfied with the sentence we had, which is why, you know, we would have preferred to just prevail with no habeas relief and and go about our business. Is it 5 and 20? Is that the difference? She asked you a question. She did. 5 and 20. He has he received 84 months on the first 924 C because it was a discharge or I'm sorry, a brandishing and then 300 months on the second one because it was deemed a successive 924 C. Of course, I don't think I'm giving away anything by saying there would be a question about whether the first step acts changes to the 924 C penalties would apply upon a further conviction in this case. But that's for another day. I mean, perhaps the defendant would only be convicted of one 924 C. Who knows? But he would get a conviction under 924 C in any event, which he does not have right now. Right. He had he pleaded guilty to two 924 C's because he's repudiated the plea agreement. He's now facing two 924 C's plus a conspiracy count plus two substantive Hobbs Act Roberts. And let me pause and just say on that point, the defendant doesn't even have a double jeopardy to the Hobbs Act conspiracy and the two substantive Hobbs Act robbery charges that have been reinstated. The thing we're fighting about here is whether we can reinstate the two 924 C's. Right. And so it's only a step in that, right? Right. Right. And I mean, I can say that if he wanted to plead guilty again to two 924 C's, we would take that guilty plea. But if he doesn't want to plead guilty, we're going to trial on everything. Okay. I understand. Thank you. I've kept you too long. My colleagues have any questions? Okay. We'll hear from you. I'm fine. Judge King? Yeah. Okay. Sir, do you have any rebuttal? Do. Let me start by saying that we haven't waived any defenses about statute of limitations or the plea agreement. Those are all matters that have to be raised before this court after a final conviction. So they're not before the court now. I agree. You're only challenging double jeopardy because that's the abne jurisdiction. Correct. That's absolutely right. Let me disagree with my colleague and friend. Mr. Johnson did not seek to vacate his guilty plea. He continuously characterizes this litigation as about an attempt to vacate the guilty plea and that guilty pleas cannot result in acquittal. The definition of acquittal or at first an acquittal can only occur by a jury verdict or a judge's ruling. And the definition of an acquittal depends upon whether the basis for that ruling is substantive or procedural. So in Tateo, one of the government's principal cases, the defendant's conviction was vacated on a collateral review. And the court didn't say, well, this is a vacated conviction on collateral review, therefore it can't trigger double jeopardy. No, it looked to the basis for why the conviction was vacated. And it said the conviction was vacated because the defendant was coerced into engaging in a guilty plea. And they said there is no distinction. There's no difference between a procedural unfairness on the road to a jury conviction and a procedural unfairness in a judge twisting a defendant's arm to plead guilty. Those are procedural errors that don't have to do with the substance of the charge. And so what Evans v. Michigan says is that an acquittal encompasses rulings that relate to substance. And this one clearly does. We know that the predicate that was charged in the plea agreement and admitted to is an element of the 924C. This is not a case where the defendant has admitted to and seek the same proof. So in Ford, in Green, in Tateo, the government can bring back the exact same elements, the exact same charge, and try to prosecute the defendant again based on those same elements. That is not possible here because the substantive elements must change. And that's because there was a substantive ruling by the district court in September of 2019 that the reason that is an acquittal is because it is a substantive ruling on the merits. Once you recognize or once we ask that the court recognizes that distinction, which is squarely set forth in Evans v. Michigan, then it is clear that there is double jeopardy protection to the court's ruling with respect to that 924C decision because it is substantive. The next question is, well, can the government do? Well, potentially, they could on remand bring back the other charges in the indictment if they're not barred by the statute of limitations, if they're not precluded by the plea agreement. Double jeopardy has nothing to say about those other charges. It has everything to say with respect to 924C charges based on the same uses and the same brandishing for which was the absolute basis for the district court's ruling in September of 2019. It is the same 924C in the same sense as in the Ford case, for example, if Mr. Ford had no other felony convictions, Simmons comes out and says that he is not a felon, what could the government do? Could they bring back a 922G and say, well, he may not be a felon, but he's a drug user, and we're going to prosecute him this time for a 922G based on a different status? No, they could not because Dunford says that the unit of prosecution is based upon the possession of the firearm and not the status. Well, the exact same case is true with respect to 924C. The unit of prosecution is the use of the firearm. And so when the district court vacates those convictions, that has preclusive effect with respect to other 924Cs based upon that same use or brandishing because the defendant has been effectively found not guilty of those offenses. You cannot say that that is a procedural ruling or about the procedural fairness. It is because the government as a substantive matter created and drafted a document to which the defendant pleaded guilty to an offense that is not a federal crime. That is a substantive ruling, and it is equivalent to an acquittal. And that's why the government cannot bring seven and nine back again and resurrect them because the district court vacated those convictions, and it deserves protection under the Double Jeopardy Clause. Thank you very much. We appreciate both of your arguments. Good to see you, and we hope to see you next time we see you in Richmond. Thanks very much. Good to see you all.
judges: Diana Gribbon Motz, Robert B. King, James A. Wynn Jr.